J-S59003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL L. SOTO, | |
| Appellant | No. 2868 EDA 2016 |

Appeal from the PCRA Order July 25, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-000299-1989

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY BENDER, P.J.E.:            **FILED OCTOBER 18, 2017**

Appellant, Angel L. Soto, appeals from the post-conviction court's July 25, 2016 order denying, as untimely, his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, Chad M. DiFelice, Esq., has filed a petition to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney DiFelice's petition to withdraw.

_____

* Former Justice specially assigned to the Superior Court.

A detailed recitation of the facts of Appellant's case is unnecessary to our disposition of his present appeal. We note, however, that Appellant and his cousin, Luis Torres, planned and carried out the 1988 murder of Nepomuceno Pacheco. The motive for the murder was a drug-dealing dispute. On June 19, 1991, a jury convicted Appellant of first-degree murder and criminal conspiracy. That same day, the jury recommended a sentence of life imprisonment for Appellant's murder conviction. The court imposed that sentence, as well as a consecutive term of 5 to 10 years' incarceration for Appellant's conspiracy conviction.

Appellant filed a timely direct appeal and, after this Court affirmed, our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Soto*, 693 A.2d 226 (Pa. Super. 1997), *appeal denied*, 705 A.2d 1308 (Pa. 1997).

> On August 25, 1998, [Appellant] filed his first PCRA petition. On January 27, 1999, the PCRA court dismissed the petition without a hearing. On February 11, 1999, [Appellant] filed a notice of appeal. On December 16, 1999, a panel of this Court vacated the PCRA court's dismissal of [Appellant]'s petition and remanded for the appointment of new counsel. *See Commonwealth v. Soto*, 680 EDA 1999, [unpublished memorandum] at []6 (Pa. Super. [filed] Dec. 16, 1999). Between January 24, 2000, and July 17, 2006, [Appellant] was represented by three different court-appointed lawyers, and filed multiple amended PCRA petitions. Finally, on or about September 20, 2006, the PCRA court held an evidentiary hearing on [Appellant]'s first PCRA petition. On November 21, 2006, the PCRA court filed an order and opinion denying [Appellant]'s first PCRA petition. On December 8, 2006, [Appellant] filed a notice of appeal. On July 25, 2007, a panel of this Court issued a memorandum affirming the dismissal of [Appellant]'s first PCRA petition. *See Commonwealth v. Soto*, 3427 EDA 2006,

[unpublished memorandum] at []17 (Pa. Super. [filed] Jul. 25, 2007). On March 12, 2008, the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. ***Commonwealth v. Soto***, 945 A.2d 170 (Pa. 2008) (table).

***Commonwealth v. Soto***, No. 2482 EDA 2013, unpublished memorandum at 3-4 (Pa. Super. filed May 29, 2014). On May 8, 2012, Appellant filed a second, *pro se* PCRA petition, which was ultimately deemed untimely and dismissed on July 23, 2013. This Court affirmed on appeal. ***Id.***

On March 23, 2016, Appellant filed the *pro se* PCRA petition that underlies the present appeal. James Madsen, Esquire, was appointed to represent Appellant, but on April 5, 2016, Appellant filed a *pro se* amended petition. On May 19, 2016, Attorney Madsen filed a ***Turner/Finley*** petition to withdraw with the PCRA. On June 6, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, to which Appellant filed a timely, *pro se* response. Then, on July 25, 2016, the court issued an order denying Appellant's petition as being untimely filed. However, the PCRA court did not rule on Attorney Madsen's petition to withdraw. As such, counsel filed a "Praecipe for Withdrawal of Appearance" on August 11, 2016. Still, the PCRA court failed to rule on Attorney Madsen's praecipe for withdrawal.

Appellant then filed a timely, *pro se* notice of appeal on August 17, 2016. He also timely complied with the PCRA court's order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On September 16, 2016, the court filed its Rule 1925(a) opinion.

On November 28, 2016, Attorney Madsen filed with this Court a petition to withdraw. On December 19, 2016, this Court issued a *per curiam* order granting Attorney Madsen's petition, and directing that the PCRA court appoint new counsel for Appellant. Thereafter, Attorney DiFelice entered his appearance on Appellant's behalf. However, counsel failed to file a brief on Appellant's behalf, compelling this Court to issue a *per curiam* order remanding Appellant's case for the filing of a brief by Attorney DiFelice.

On May 24, 2017, Attorney DiFelice filed a petition to withdraw and an accompanying brief. Upon review, this Court noticed that Attorney DiFelice had not accurately advised Appellant of his immediate right to proceed *pro se* or with privately retained counsel. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 512 (Pa. Super. 2016) (clarifying that, "in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia,* shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel"). Consequently, we issued another *per curiam* order, directing Attorney DiFelice to send Appellant a corrected letter within 14 days. On June 27, 2017, Attorney DiFelice filed a letter that complied with ***Muzzy***. Appellant has not filed any response to counsel's petition to withdraw.

Accordingly, we now review Attorney DiFelice's petition to withdraw and ***Turner/Finley*** brief. Initially, this Court has explained that:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner, supra** and **Finley, supra** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted)).

Here, Attorney DiFelice has satisfied the procedural requirements for withdrawal. Specifically, he has set forth the two issues that Appellant raised in his petition below, and explains why those claims are meritless. He has also sent Appellant copies of his petition to withdraw and **Turner/Finley** brief. Additionally, as discussed *supra*, Attorney DiFelice has properly advised Appellant of his immediate right to proceed *pro se* or with privately retained counsel. Accordingly, we will now review the merits of the following two issues that Appellant seeks to assert herein:

I. Whether the PCRA court erred in denying the petition of Appellant [as being] untimely, in light of **Missouri v. Frye**, 132 S.Ct. 1399 (2012)[,] and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which Appellant contends announced a new legal right to be advised of plea offers entitling him to retroactive relief?

II. Whether Appellant's mandatory life sentence without the possibility of parole is illegal under **Alleyne v. United States**[, 133 S.Ct. 2151 (2013),] as a violation of the Eighth Amendment['s] prohibition on cruel and unusual punishment?

Appellant's Brief at 5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 31, 1998, at the expiration of the 90-day time-period for seeking review with the United States Supreme Court of our Supreme Court's denial of his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Appellant's current petition filed in March of 2016, is patently untimely and, for this Court to have jurisdiction to review the merits

thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the 'new retroactive right' exception of section 9545(b)(1)(iii) for two different reasons. First, he contends that the United States Supreme Court announced a new constitutional rule in *Frye*, by which trial counsel now has an affirmative duty to communicate to a defendant any formal plea offer from the prosecution. Appellant claims that his trial counsel violated this rule, and that he is entitled to retroactive application of *Frye* pursuant to *Montgomery v. Louisiana*, 136 S.Ct. 718, 729 (2016) (holding "that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule"). In other words, Appellant argues that viewing *Frye* and *Montgomery* together, he has satisfied the exception of section 9545(b)(1)(iii).

We disagree. In *Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa. Super. 2013), we held that *Frye* did *not* create a new constitutional rule but, instead, it "merely clarified that [the] well-established right [to effective assistance of counsel during the plea bargaining process] '*extends* to the negotiation and consideration of plea offers that lapse or are rejected.'" *Feliciano*, 69 A.3d at 1276 (quoting *Frye*, 132 S.Ct. at 1409) (emphasis added in *Feliciano*). Thus, Appellant cannot rely on *Frye* to satisfy the 'new rule' component of section 9545(b)(1)(iii). *See id.* at 1277 (concluding that

Feliciano could not rely on **Frye** to satisfy the timeliness exception of section 9545(b)(1)(iii)).

Second, Appellant argues that he has satisfied the exception of section 9545(b)(1)(iii) because his mandatory sentence of life imprisonment, without the possibility of parole, violates **Alleyne's** new rule that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2163. Appellant further maintains that **Alleyne** applies retroactively in light of **Montgomery**, thus satisfying section 9545(b)(1)(iii).

Again, we disagree. While our Supreme Court has acknowledged that **Alleyne** did create a new constitutional rule, the Court expressly held that **Alleyne** does *not* apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 818-820 (Pa. 2016). In so ruling, the Court specifically found that **Alleyne** does not constitute a 'substantive rule' that applies retroactively under **Montgomery**, because "the **Alleyne** rule neither alters the range of conduct or the class of persons punished by the law." **Id.** at 818 (citing **Montgomery**, 136 S.Ct. at 729-30). Therefore, Appellant has failed to prove that **Alleyne** applies retroactively to his case for purposes of satisfying the timeliness exception of section 9545(b)(1)(iii).

For these reasons, we agree with Attorney DiFelice that neither of Appellant's two issues satisfy the 'new retroactive right' timeliness exception. Accordingly, Appellant's petition is untimely, and we affirm the

- 9 -

PCRA court's order denying it.  We also grant Attorney DiFelice's petition to withdraw.

Order affirmed.    Petition to withdraw granted.    Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/17